**JUDGE BUCHWALD**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

 

------------------------------------------------------------- x

CLEON EARLE

                                        Plaintiff,    **COMPLAINT AND JURY DEMAND**

    -against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F.    Docket #
HORN, WARDEN EMMANUEL BAILEY, #330,
G.M.D.C., CORRECTION OFFICER ULYSSES TUFF,
#12237, CORRECTIONS OFFICERS #1-2    ECF Case

                                      Defendants.

------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §§1983, 1988 and Fourth and Fourteenth Amendments and the laws and Constitution of the State of New York.

2. The claim arises from a February 8, 2006 incident in which Officers of the New York City Department of Correction ("DOC") acting under color of state law, intentionally and willfully subjected plaintiffs to, among other things, excessive force, assault, and battery.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331 and 42 USC §1983. Pendent party

jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in New York County, City and State of New York. He was a pre-trial detainee at the time of the incident in the custody of the Department of Correction.

8. The City of New York ("City") is a municipal corporation organized under the laws of the State of New York.

9. New York Department of Correction Commissioner Martin Horn ("Commissioner") was at all times here relevant the Commissioner of the New York City Department of Correction, and, as such, was a policy maker with respect to training, supervision, and discipline of DOC officers, including the other individual defendants. On information and belief, defendant Horn, as Commissioner of DOC, was responsible for the policy, practice, supervision, implementation, and conduct of all DOC matters and was responsible for the appointment, training, supervision, and conduct of all DOC personnel, including the defendants referenced herein. As Commissioner, defendant Horn is also responsible for the care, custody, and control of all inmates housed in the Department's jails. As Commissioner, Horn was provided with reports of applications of force, allegations of unreported use of force, and other breaches of security in the Department jails. In addition, at all relevant times, defendant Horn was responsible for enforcing the rules of the DOC, and for ensuring that DOC personnel obey the laws of the United States

and of the State of New York. Defendant Horn is sued in his individual capacity.

10. At all times relevant hereto, Carolyn Thomas ("Chief") was the Chief of Department of the New York City Department of Correction, acting in the capacity of agent, servant, and employee of defendant City, within the scope of her employment as such, and acting under color of state law. As Chief of Department, Thomas is the highest ranking uniformed member of the department, and is responsible for the supervision, oversight, and discipline of uniformed security staff, including the supervisory security staff, in all Department jails. She is also responsible for the care, custody, and control of all inmates in the Department jails. As Chief of Department, Thomas is provided with reports of applications of force, allegations of unreported use of force, and other breaches of security in Department jails. Defendant Thomas is sued in her individual capacity.

11. At all times relevant hereto, Emmanuel Bailey ("warden") was the Warden of George Motchan Detention Center ("G.M.D.C."). As Warden, his responsibilities included supervision of correction officers, captains, and other supervisors with respect to the care, custody and control of prisoners confined in the jail. These responsibilities were and are required to be carried out in a manner consistent with the legal mandates that govern the operation of DOC and its jails, including the Department directives and orders governing the use of force and the reporting of use of force and the Board of Correction Minimum Standards. As Warden, defendant is provided with all reports of use of force, allegations of use of force, and other violent incidents in his jail. Warden Bailey is sued in his individual capacity.

12. All others individual defendants ("the officers") are employees of the DOC, and are sued in their individual capacities.

13. At all times here mentioned defendants were acting under color of state law, to wit,

3

under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

14. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

15. On February 8, 2006, at G.M.D.C. on Riker's Island, plaintiff was assaulted and battered by Correction Officers when the officers fixed plastic cuffs too tightly around plaintiff's wrists, causing serious physical injury. The Correction Officers subjected plaintiff to excessive force under the circumstances.

16. Correction Officers subjected plaintiff to serious pain and suffering for no legitimate security purpose, and with the sole purpose of unlawfully punishing plaintiff, by fixing the plastic cuffs too tightly around his wrists.

17. At all times during the events described above, the Corrections Officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

18. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

19. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

b. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

c. Physical pain and suffering; requiring medical attention;

d. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

e. Loss of liberty.

## FIRST CAUSE OF ACTION
### (42 USC § 1983)

20. The above paragraphs are here incorporated by reference.

21. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from excessive force and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and the New York Constitution.

22. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
### (MUNICIPAL AND SUPERVISORY LIABILITY)

23. The above paragraphs are here incorporated by reference.

24. The City, the Commissioner, the Chief, and the warden are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

25. The City, the Commissioner, the Chief, and the warden knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

26. The aforesaid event was not an isolated incident. The City, the Commissioner, the Chief, and the warden have been aware for some time (from lawsuits, notices of claim and complaints from inmates and their family members and friends) that many of their officers are insufficiently trained on using appropriate force. The City, the Commissioner, the Chief, and the warden insufficiently discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements about uses of force. As a result, correction officers freely assault inmates without fear of reprisal. Further, the investigatory body responsible for monitoring officer behavior, the Inspector General's office, also wrongfully allows officers to write their own reports, rather than interviewing officers individually, although that is standard procedure for reviewing inmate statements. In addition, the Inspector General routinely fails to investigate claims of violence or abuse when the person suffering does not initiate the claim. The City, the Commissioner, the Chief, and the warden are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil and constitutional rights, without fear of reprisal.

27. The City, the Commissioner, the Chief, and the warden knew or should have known that the officers who caused plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City, the Commissioner, the Chief, and the warden failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

28. The City, the Commissioner, the Chief, and the warden have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual

defendants in this and in similar cases involving misconduct.

29. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City, the Commissioner, the Chief, and the warden to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

30. Defendants the City, the Commissioner, the Chief, and the warden have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving officer misconduct.

31. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the the City, the Commissioner, the Chief and the warden.

### THIRD CAUSE OF ACTION
(ASSAULT)

32. The above paragraphs are here incorporated by reference.

33. By approaching and pushing plaintiff, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

34. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and New York State laws and Constitution.

35. Plaintiff was damaged by defendants' assault.

### FOURTH CAUSE OF ACTION
(BATTERY)

36. The above paragraphs are here incorporated by reference.

37. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered them.

38. Defendants used excessive and unnecessary force with plaintiff.

39. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

40. Plaintiff was damaged defendant's battery.

## FIFTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

41. All preceding paragraphs are here incorporated by reference.

42. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§6 and 12 of the New York State Constitution.

43. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## SIXTH CAUSE OF ACTION
### (NEGLIGENT HIRING & RETENTION)

44. The above paragraphs are here incorporated by reference.

45. Defendant officers had a bad disposition and the Department of Correction knew or should have known of facts that would have led reasonable and prudent people to further investigate the defendant officers' bad dispositions through the hiring process.

46. Defendants knew or should have known that their failure to investigate defendant officers' bad dispositions would lead to plaintiff's injury.

47. Defendants were negligent in their hiring and retaining the officers involved in this case

in that they knew or should have known of the officers' propensity to use excessive force.

48. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

49. The injury to plaintiff was caused by the officers' foreseeable use of excessive force.

## SEVENTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

50. The preceding paragraphs are here incorporated by reference.

51. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

52. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

## EIGHTH CAUSE OF ACTION
(CONSPIRACY)

53. The above paragraphs are here incorporated by reference.

54. Defendant correction officers made an agreement to attempt to cover up the assault, battery and excessive force against plaintiff.

55. Defendant captain took action towards the furtherance of this agreement by writing an infraction against him.

56. Plaintiff was injured by defendants' conspiracy.

---

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's

9

causes of action;

    B.    Awarding plaintiff punitive damages in an amount to be determined by a jury;

    C.    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

    D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:    Brooklyn, New York
               April 27, 2007

TO:    New York City
       Corporation Counsel Office
       100 Church Street, 4th floor
       New York, NY 10007

Yours, etc.,

*[signature]*

LEO GLICKMAN
Bar #LG3364
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com

Department of Correction Commissioner
Martin Horn
60 Hudson Street
New York, NY 10013

Chief of Department
Carolyn Thomas
60 Hudson Street
New York, NY 10013

Deputy Warden Emmanuel Bailey #330
Riker's Island, GMDC
15-15 Hazen Street
East Elmhurst, NY 11370

Correction Officer Ulysses Tuff, #12237
Department of Correction
Office of Compliance Counsel
60 Hudson Street
New York, NY 10013