UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
CLEON EARLE,

                Plaintiff,

- against –

THE CITY OF NEW YORK, DEPARTMENT
OF CORRECTION COMMISSIONER
MARTIN F. HORN, WARDEN EMMANUEL
BAILEY, #330, G.M.D.C., CORRECTION
OFFICER ULYSSES TUFF, #12237,
CORRECTIONS OFFICERS #1-2,

                Defendants.
---------------------------------------------------------X

07 CV 3474 (NRB)

ANSWER OF DEFENDANTS
THE CITY OF NEW YORK,
MARTIN F. HORN AND ULYSSES TUFF

**JURY TRIAL DEMANDED**

**This documents has been
electronically filed**

        Defendants, THE CITY OF NEW YORK, MARTIN F. HORN, and ULYSSES TUFF,[1] by their attorney, MICHAEL A. CARDOZO, CORPORATION COUNSEL OF THE CITY OF NEW YORK, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        5. Deny the allegations set forth in paragraph "5" of the complaint.

---

[1] Upon information and belief, Emmanuel Bailey has not been served with process to date.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Defendants state that the allegations set forth in paragraph "9" of the complaint are legal conclusions rather than averments of fact, and therefore, do not require a response, except admit that Horn is the Commissioner of the New York City Department of Correction and that plaintiff purports to sue him in his individual capacity.

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Defendants state that the allegations set forth in paragraph "9" of the complaint are legal conclusions rather than averments of fact, and therefore, do not require a response, except admit that Bailey is the Warden of the George Motchan Detention Center and that plaintiff purports to sue him in his individual capacity.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint as it pertains to unidentified defendants, except admit that C.O. Tuff is employed by the City of New York in the Department of Correction and that plaintiff purports to sue him in his individual capacity.

13. Defendants state that the allegations set forth in paragraph "13" of the complaint are legal conclusions rather than averments of fact, and therefore, do not require a response.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint, and each of its subparts.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and re-allege their responses to the allegations set forth in paragraphs "1" through "19" of this Answer by reference as if fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendants repeat and re-allege their responses to the allegations set forth in paragraphs "1" through "22" of this Answer by reference as if fully set forth herein.

24. Deny the allegations set forth in paragraph "24 of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and re-allege their responses to the allegations set forth in paragraphs "1" through "31" of this Answer by reference as if fully set forth herein.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and re-allege their responses to the allegations set forth in paragraphs "1" through "35" of this Answer as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendants repeat and re-allege their responses to the allegations set forth in paragraphs "1" through "40" of this Answer by reference as if fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and re-allege their responses to the allegations set forth in paragraphs "1" through "43" of this Answer by reference as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendants repeat and re-allege their responses to the allegations set forth in paragraphs "1" through "49" of this Answer by reference as if fully set forth herein.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. In response to the allegations set forth in paragraph "53" of the complaint, defendants repeat and re-allege their responses to the allegations set forth in paragraphs "1" through "52" of this Answer by reference as if fully set forth herein.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

57.     The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

58.     At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, the City is entitled to governmental immunity from liability.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

59.   The plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

60.   Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

61.   Plaintiff's claims against the City of New York under state law are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

62.   Plaintiff's state law claims may be barred for failure to comply with New York General Municipal Law §§ 50-e, h, and i.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

63.   Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent act of third parties and was not the proximate result of any act of the defendants.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

64. The individual defendants Tuff and Horn have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

65.   Defendant Horn has no personal involvement in the incident.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

66. At all times relevant to the acts alleged in the complaint, defendant Tuff acted reasonably in the proper and lawful exercise of his discretion.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

67. Plaintiff provoked any incidents.

**WHEREFORE**, defendants demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 21, 2007

>MICHAEL A. CARDOZO
>Corporation Counsel of the
>  City of New York
>Attorneys for Defendants City, Horn and Tuff
>100 Church Street
>New York, New York 10007
>
>By: Prathyusha Reddy (PR5579)
>    Assistant Corporation Counsel
>    Special Federal Litigation Division

TO: By ECF
Nicole Bellina, Esq.
Stoll, Glickman & Bellina, LLP
72 Nevins Street
Brooklyn, New York 11217
(718) 852-3710